UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HAARI A. NAVON on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

CREDIT BUREAU OF NAPA COUNTY, INC.
D/B/A CHASE RECEIVABLES

                Defendant.

---

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 31 2014 ★
LONG ISLAND OFFICE

CV 14 0712
KUNTZ, J.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Haari A. Navon seeks redress for the illegal practices of Credit Bureau Of Napa County, Inc. d/b/a Chase Receivables in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Sonoma, California.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Haari A. Navon*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about October 10, 2013 and January 2, 2014, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

12. Said letters stated the "Principal" as $1,948.29, "Verizon Collection Fee" as $350.69, and the "AMOUNT DUE" as $2,298.98.

13. The Defendant's statements in said letters of "Verizon Collection Fee" is a representation of an 18% Collection Fee.

14. The Collection Fee represented Chase Receivables' anticipated compensation for collecting the Accounts.

15. The representation that 18% Collection Fees are owed violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

Seeger v. AFNI, Inc., 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case

against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a class action.). Seeger v. AFNI, Inc., 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s demand for an additional 15% collection fee violated § 1692f(1) since the charge was not authorized by law or the underlying contract; applicable state law only permitted such a recovery if the amount was actually incurred as an out-of-pocket cost of collection and not, as attempted here, to unlawfully "permit[ ] a third-party purchaser of an account to recover its internal costs."). See also Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.")

16. Said letters violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1) for attempting to collect prohibited 18% collection fees.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

17. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixteen (16) as if set forth fully in this cause of action.

18. This cause of action is brought on behalf of Plaintiff and the members of a class.

19. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in

substantially the same form as the letters sent to the Plaintiff, sent within one year prior to the date of the within complaint: (a) the collection letters were sent to a consumer seeking payment of a consumer debt purportedly owed to Verizon Wireless; and (b) the collection letters were not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

20. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

21. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

25. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)      Any other relief that this Court deems appropriate and just under the circumstances.

                Dated: Cedarhurst, New York
                January 28, 2014

*/s/ Adam J. Fishbein, P.C. (AF-9508)*
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*/s/ Adam J. Fishbein (AF-9508)*

DEPT 1011   E15386310106
PO BOX 4115
CONCORD CA 94524

PERSONAL & CONFIDENTIAL

Return Service Requested

**CHASE RECEIVABLES**
A Professional Collection Agency
800-622-0484

October 10, 2013

HAARI A NAVON   09391127-44 VZ
1416 AVENUE T
BROOKLYN, NY 11229-3318

**Send payments/Correspondence To:**
**Chase# 09391127-44   VZ**
**Chase Receivables**
**1247 Broadway**
**Sonoma, CA 95476**

IMPORTANT TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT

*Office Handling Your Account:*
*Office Hours:*
PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:30pm PST
Saturday 7am to 2:30pm PST

CREDITOR: VERIZON WIRELESS
CREDITOR ACCT#: 068679008900001
ACCT#: 09391127
Principal:$ 1,948.29
Verizon Collection Fee:$ 350.69
AMOUNT DUE: $2,298.98

Dear HAARI A NAVON,

This letter is to inform you of a special offer to resolve your overdue account with our client. We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt. We are presenting four options that will enable you to avoid further collection activity being taken against you.

OPTION 1: A settlement of **50% OFF** of your current balance, **SO YOU ONLY PAY $1,149.49** in **ONE PAYMENT** that must be received in this office on or before **OCTOBER 31st, 2013**.

OPTION 2: A settlement of **40% OFF** of your current balance, **SO YOU ONLY PAY $1,379.39** in **ONE PAYMENT** that must be received in this office on or before **NOVEMBER 15th, 2013**.

OPTION 3: A settlement of **30% OFF** of your current balance, **SO YOU ONLY MAKE TWO PAYMENTS OF $804.65 EACH** the first payment must be received on or before **OCTOBER 31st, 2013** and the second by **NOVEMBER 30th, 2013**.

OPTION 4: Monthly payment plan on full balance.

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800-622-0484 (toll free). When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity.

Sincerely,

Chase Receivables

**You have 6 easy payment options:**
1. Send us a check-Make all checks payable to VERIZON WIRELESS and send to the payment address above.
2. Pay via a Credit Card. ($14.95 Chase Receivables processing fee where applicable)
3. Pay via Western Union.
4. Pay via the web www.chaserec.com/paymethod.php PIN# 11586. *
5. Call us at the number shown above and one of our representatives will be happy to assist you!
6. Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable)
* Selecting this option enables you to make a payment 24 hours a day, 7 days a week - and you do not need to speak to a representative.

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

```
DEPT 1011    C92100312303#
PO BOX 4115
CONCORD CA  94524
```

Return Service Requested

HAARI A NAVON  09391127-44 VZ
1416 AVENUE T
BROOKLYN, NY 11229-3318

**CHASE RECEIVABLES**
A Professional Collection Agency
800-622-0484

January 2, 2014

Send payments/Correspondence To:
**Chase# 09391127-44   VZ**
**Chase Receivables**
**1247 Broadway**
**Sonoma, CA 95476**

Office Handling Your Account
Office Hours:
PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:30pm PST
Saturday 7am to 2:30pm PST

Dear HAARI A NAVON,

CREDITOR: VERIZON WIRELESS
CREDITOR ACCT#: 068679008900001
ACCT#: 09391127
Principal:$ 1,948.29
Verizon Collection Fee:$ 350.69
AMOUNT DUE: $2,298.98

This letter is to inform you of a special offer to resolve your overdue account with our client. We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt. We are presenting four options that will enable you to avoid further collection activity being taken against you.

Please note that you may have additional outstanding accounts that do not qualify for this offer.

OPTION 1: A settlement of **50% OFF** of your current balance. **SO YOU ONLY PAY $1,149.49** in **ONE PAYMENT** that must be received in this office on or before <u>JANUARY 15th, 2014</u>.

OPTION 2: A settlement of **40% OFF** of your current balance. **SO YOU ONLY PAY $1,379.39** in **ONE PAYMENT** that must be received in this office on or before <u>JANUARY 31st, 2014</u>.

OPTION 3: A settlement of **30% OFF** of your current balance. **SO YOU ONLY MAKE TWO PAYMENTS OF $804.65 EACH** the first payment must be received on or before <u>JANUARY 15th, 2014</u> and the second by <u>FEBRUARY 15th, 2014</u>.

OPTION 4: Monthly payment plan on full balance.

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800-622-0484 (toll free). When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity.

Sincerely,

Chase Receivables

| **You have 6 easy payment options:** |
|---|
| 1. Send us a check-Make all checks payable to VERIZON WIRELESS and send to the payment address above. |
| 2. Pay via a Credit Card. ($14.95 Chase Receivables processing fee where applicable) |
| 3. Pay via Western Union. |
| 4. Pay via the web www.chaserec.com/paymethod.php PIN# 11586 * |
| 5. Call us at the number shown above and one of our representatives will be happy to assist you! |
| 6. Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable) |
| * Selecting this option enables you to make a payment 24 hours a day, 7 days a week - and you do not need to speak to a representative. |

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

New York City Department of Consumer Affairs license number 1016382

"A creditor may sue you to collect on this debt. Even if the creditor wins and obtains a judgment against you, state and federal laws prevent certain 'exempt' moneys from being taken to satisfy that judgment. Income that you receive from the following sources may be 'exempt' from collection:

1. Supplemental security income (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits; and
10. Federal student loans, federal student grants, and federal work study funds."